Case 0:20-cv-60050-RS   Document 1   Entered on FLSD Dock  FILED BY ___LS___ D.C.

Jan 10, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Fort Lauderdale

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **CARLOS E. CORTES**, | ) Case No. |
| *Plaintiff*, | ) 20-CIV-60050-Smith/Valle |
| vs. | ) |
| Fiorella Insurance Agency, Inc., | ) |
| *Defendant*, | ) **TRIAL BY JURY DEMANDED** |

**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE
CONSUMER PROTECTION ACT 47 U.S.C. § 227 *et seq*.**

## JURISDICTION

1. This court has jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.
2. All conditions precedent to the bringing of this action have been performed.

## PARTIES

3. The Plaintiff in this lawsuit is Carlos E. Cortes, a natural person, who resides in Broward County, Florida.
4. The Defendant in this lawsuit is Fiorella Insurance Agency Inc., a Florida corporation with its principal address at 2300 S.E. Monterey Road, Suite 200, Stuart, FL 34996, with its registered agent Bassion, Evelyn F, at the same address.

## VENUE

5. The occurrences which give rise to this action occurred in Broward County, Florida and Plaintiff resides in Broward County, Florida.

6. Venue is proper in the Southern District of Florida.

## **FACTUAL ALLEGATIONS**

7. On or about November 25, 2019 Defendant send the first of 6 automated texts messages to Plaintiff's wireless phone number ending in **1022**. This occurred through December 02, 2019  The text messages includes the numbers **772-223-2941**, **772-223-3384**, which upon information and belief are used by Fiorella Insurance in their marketing operations.



Hi, Laurence. The time is NOW! Based on your online inquiry. We found Florida Blue Health Plans AS LOW AS $0/mo! You submitted the request. We have your quotes! WE

8. The number used by the Defendant **97418** is known as a "short code", a standard 5- digit code that enables Defendant to send SMS Text messages in masse.
9. Upon information and belief the number **97418** that transmitted the text messages is operated by or on behalf of Defendant.
10. Fiorella Insurance also called Plaintiff's wireless phone number ending in **1022** on 7 different occasions beginning on or about November 25, 2019 through December 01, 2019  from phone numbers **772-600-1134**, **813-322-9003**, **813-322-9005, 813-448-1076** which upon information and belief said numbers are used by Defendant in their marketing operations.
11. Fiorella Insurance made at least 13 individual calls to Plaintiff's wireless phone beginning November 25, 2019 and continuing through December 02,2019 using ATDS capable equipment.

12. The calls made to Plaintiff's wireless phone were not for an emergency purpose and were made without consent to do so, express or otherwise, of the Plaintiff having been given.

13. Fiorella Insurance send text messages (SMS) to Plaintiff's wireless phone number ending in **1022**, on the following dates and times:

    1) November 25, 2019 at 12:28 PM;
    2) November 26, 2019 at 4:08 PM;
    3) November 27, 2019 at 5:56 PM;
    4) November 29, 2019 at 6:38 PM;
    5) December 01, 2019 at 4:44 PM;
    6) December 02, 2019 at 4:50 PM.

14. Fiorella Insurance called Plaintiff's wireless phone number ending in **1022**, on the following dates and times:

    1) November 25, 2019 at 12:29 PM; Prerecorded voice message
    2) November 25, 2019 at 12:30 PM; Prerecorded voice message
    3) November 26, 2019 at 11:42 PM; Prerecorded voice message
    4) November 27, 2019 at 1:43 PM;  Prerecorded voice message
    5) November 29, 2019 at 5:21 PM;  Prerecorded voice message
    6) November 30, 2019 at 11:02 AM; Prerecorded voice message
    7) December 01, 2019 at 1:11 PM;  Prerecorded voice message

15. Defendant's unsolicited text messages and calls caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages and calls also inconvenienced Plaintiff and caused disruption to his daily life.

16. Defendant's unsolicited text messages and calls caused Plaintiff actual harm. Specifically, Plaintiff estimates that he has wasted forty five to ninety seconds reviewing each of Defendant's unwanted messages and calls. Each time, Plaintiff had to stop what he was doing to either retrieve his phone and/or look down at the phone to review the messages or listen to prerecorded messages.

17. Furthermore, Defendant's text messages took up memory on Plaintiff's wireless phone. The cumulative effect of unsolicited text messages like Defendant's poses a real risk of ultimately rendering the phone unusable for text messaging

purposes as a result of the phone's memory being taken up. See https://www.consumer.ftc.gov/articles/0350-text-message-spam#text (finding that text message solicitations like the ones sent by Defendant present a "triple threat" of identity theft, unwanted cell phone charges, and slower cell phone performance).

18. Defendant's text messages also can slow wireless phone performance by taking up space on the recipient phone's memory. See https://www.consumer.ftc.gov/articles/0350-text-messagespam#text (finding that spam text messages can slow cell phone performance by taking up phone memory space).

19. Plaintiff at or near the time each of these calls was placed to his wireless phone by the Defendant took pictures of all , detailing the date, time and saved all the prerecorded messages that were left.

20. Upon information and good-faith belief, the telephone calls and text messages identified above were placed to Plaintiff's wireless phone number using an automatic telephone dialing system (ATDS) and/or an artificial or prerecorded voice.

21. Upon information and belief, Defendant placed the calls to the Plaintiff identified above voluntarily.

22. Upon information and belief, Defendant placed the calls to the Plaintiff identified above under its own free will.

23. Upon information and belief, Defendant had knowledge that is was using an automatic telephone dialing system to place each of the telephone calls identified above.

24. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

25. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless telephone number.

26. At the times that all of the above identified calls were received on his wireless phone Plaintiff was the subscriber to the called number, was the sole person having custody of said phone and paid for the airtime for the called phone number.
27. Plaintiff's wireless phone number have been registered in the Do Not Call Registry since June 29, 2003.
28. Plaintiff sent a Notice of Pending Litigation Letter via Certified Mail # 7019 0160 0001 1438 0317 to the Defendant which was received by it on December 26, 2019 at 10:35 AM in an effort to mitigate damages and settle all claims prior to litigation. No response was received by Plaintiff to said notice.

## Count I

## VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)

29. Plaintiff repeats and re-alleges each and every allegation stated above.
30. Defendant's aforementioned conduct violated the TCPA, 47 U.S.C. § 227 et. seq.

   **WHEREFORE**, Plaintiff prays for relief and judgment, as follows:
   a. Adjudging that Fiorella Insurance Agency Inc. violated the TCPA 47 U.S.C. § 227 et. seq.
   b. Awarding Plaintiff statutory damages pursuant to U.S.C. § 47 227(b)(3)(B)(C) of $500 for the first call and $1500 for each call thereafter made to Plaintiff's wireless phone as knowing and/or willful violations;
   c. Awarding Plaintiff any fees and costs incurred in this action;
   d. Awarding Plaintiff any post-judgment interest as may be allowed under the law;
   e. Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of the telephone numbers associated with Defendant and the communication or transmittal of the text messages and calls as alleged herein.

Date: January 12, 2020

Respectfully Submitted,

Carlos E. Cortes
200 S.E. 5th Avenue
#603
Dania Beach, FL 33004
954-871-0244