**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-60050-CIV-SMITH

CARLOS E. CORTES ,

    Plaintiff,

v.

FIORELLA INSURANCE AGENCY, INC.,

    Defendant.

_____/

**ORDER REQUIRING JOINT SCHEDULING REPORT, CERTIFICATES OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT**

IT IS ORDERED:

1. Plaintiff(s) shall provide copies of this Order to all counsel and any unrepresented parties. Plaintiff(s) shall ensure compliance with this Order.

2. By **March 16, 2020,** the parties shall:

    a. Prepare and file a **Joint Scheduling Report**, as required by Local Rule 16.1, that sets out a proposed case management and discovery plan.  The parties shall also file a Proposed Scheduling Order, adhering to the format and guidance of the attached form. <u>Failure to comply with this Order shall be grounds for dismissal without prejudice without further notice.</u>  In addition to filing the Proposed Scheduling Order, the parties shall email a  Word version of the Proposed Scheduling Order to smith@flsd.uscourts.gov.

    b. File Certificates of Interested Parties and Corporate Disclosure Statements.

c. File the Election to Jurisdiction by a United States Magistrate Judge for Final Disposition of Motions form attached hereto and, if applicable, the Election to Jurisdiction by a United States Magistrate Judge for Trial form.

3. Initial disclosures required under Federal Rule of Civil Procedure 26(a)(1) must be made at or before the time the parties confer to develop their case management and discovery plan.

4. If after receipt of the parties' Joint Scheduling Report the Court determines that a Federal Rule of Civil Procedure 16(b) scheduling and planning conference is necessary, it shall set a hearing. The parties should be prepared to argue all motions pending at the time of such hearing.

5. **Notice of Joint Motions**: The parties are hereby notified that multiple Plaintiffs or Defendants shall file joint dispositive motions, including motions to dismiss and motions for summary judgment, with co-parties unless there are clear conflicts of positions or grounds for relief.

DONE AND ORDERED in Fort Lauderdale, Florida this 29th day of January, 2020.

 _____
 RODNEY SMITH
 UNITED STATES DISTRICT JUDGE

cc: All counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. XX-XXXXX-CIV-SMITH

PARTY NAME(S),

          Plaintiff(s),

  v.

PARTY NAME(S),
                                 /
          Defendant(s).

_____

PROPOSED SCHEDULING ORDER SETTING
CIVIL TRIAL DATE AND PRETRIAL SCHEDULE

**THIS CAUSE** is set for trial during the Court's two-week trial calendar beginning on **[mm/dd/yyyy]**.[1] If the case cannot be tried during the two-week period, it will be re-set for each successive trial calendar until it is tried or resolved. The **Calendar Call** will be held at **9:00 a.m. on Tuesday, [mm/dd/yyyy]**.[2] The parties shall adhere to the following schedule:[3]

1. Joinder of any additional parties and filing of motion to amend the complaint by **[mm/dd/yyyy]**

2. Parties shall select a mediator pursuant to Local Rule 16.2 and shall schedule a time, date, and place for mediation by **[mm/dd/yyyy]**

3. Plaintiffs shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by **[mm/dd/yyyy]**

---

[1] In all **Expedited Track** cases (S.D. Fla. L.R. 16.1(a)(2)(A)) and all actions brought pursuant to **the Fair Labor Standards Act, Title III of the Americans with Disabilities Act, the Fair Debt Collection Practices Act, or to recover amounts due on a defaulted student loan**, the Trial *shall occur within <u>nine months</u> of the date Plaintiff(s) filed the action*.

In all **Standard Track** cases (S.D. Fla. L.R. 16.1(a)(2)(B)), the Trial *shall occur within <u>twelve to eighteen months</u> of the date Plaintiff(s) filed the action*.

[2] **Tuesday before Trial date.**

[3] Additionally, in cases arising from administrative agency determinations and/or appeals thereof, the parties should provide a deadline for the filing of the administrative record.

4. Defendant(s) shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by    [mm/dd/yyyy]

5. Exchange of rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) by    [mm/dd/yyyy]

6. Written lists containing the names and addresses of all fact witnesses intended to be called at trial by    [mm/dd/yyyy]

7. Fact discovery shall be completed by    [mm/dd/yyyy]

8. Expert discovery shall be completed by    [mm/dd/yyyy]

9. Mediation shall be completed by
   **[no more than one month after the close of discovery]**    [mm/dd/yyyy]

10. Dispositive motions, including summary judgment and *Daubert*, shall be filed by
    **[at least four months before the date for filing the Pretrial Stipulation]**    [mm/dd/yyyy]

11. Deposition designations and counter designations shall be filed by    [mm/dd/yyyy]
    **[at least two months before Trial date]**
    The parties shall meet and confer prior to submitting the deposition designations and counter-designations in a good faith effort to resolve objections. Failure to comply with deadline and the meet and confer may result in objections being stricken or other appropriate sanctions.

12. All pretrial motions and memoranda of law, including motions *in limine*, shall be filed by
    **[at least one month before Trial date]**    [mm/dd/yyyy]
    All motions *in limine* and the responses shall be limited to one page per issue.

13. Joint pretrial stipulation, deposition designations and counter-designations, proposed joint jury instructions, proposed joint verdict form, and/or proposed findings of fact and conclusions of law shall be filed by
    **[at least one month before Trial date]**    [mm/dd/yyyy]
    When the parties cannot agree on specific jury instructions, the submitted instructions shall clearly indicate which party has proposed the specific instruction. The parties shall meet and confer prior to submitting the deposition designations and counter-designations in a good faith effort to resolve objections.

**By:**     [Attorney(s) for Plaintiff(s)]          [Attorney(s) for Defendant(s)]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. XX-XXXXX-CIV-SMITH

PARTY NAME(S),
        Plaintiff(s),

v.

PARTY NAME(S),
        Defendant(s).
_____/

**ELECTION TO JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE
FOR FINAL DISPOSITION OF MOTIONS**

In accordance with the provisions of 28 U.S.C. § 636(c), the undersigned party or parties to the above-captioned civil matter hereby voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

| | | | |
|---|---|---|---|
| 1. | **Motions to Dismiss** | Yes ____ | No ____ |
| 2. | **Motions for Summary Judgment** | Yes ____ | No ____ |
| 3. | **Motions for Attorneys' Fees** | Yes ____ | No ____ |
| 4. | **Motions for Costs** | Yes ____ | No ____ |
| 5. | **Motions for Sanctions** | Yes ____ | No ____ |
| 6. | **All Pretrial Motions** | Yes ____ | No ____ |
| 7. | **Discovery** | Yes ____ | No ____ |
| 8. | **Other (*explain below*)** | Yes ____ | No ____ |

_____

**By:**    [Attorney(s) for Plaintiff(s)]        [Attorney(s) for Defendant(s)]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. XX-XXXXX-CIV-SMITH

**PARTY NAME(S),**
                **Plaintiff(s),**

     v.

**PARTY NAME(S),**
                **Defendant(s).**
_____/

**ELECTION TO JURISDICTION BY A
UNITED STATES MAGISTRATE JUDGE FOR TRIAL**

In accordance with the provisions of 28 U.S.C. § 636(c), the undersigned party or parties to the above-captioned civil matter hereby voluntarily elect to have a United States Magistrate Judge conduct any and all further proceedings in this case, including **TRIAL**, and entry of final judgment with respect thereto.[*]

**By:**    **[Attorney(s) for Plaintiff(s)]**        **[Attorney(s) for Defendant(s)]**

.

---

[*] A Magistrate Judge may conduct jury trials if the underlying claims support a demand for jury. In addition, a Magistrate Judge can generally accommodate special settings.